---

JULIA O'CONNELL,

               Plaintiff,

v.                                                   Case No. 07-C-637

NORTHLAND LUTHERAN RETIREMENT
COMMUNITY, EMPLOYEE HEALTH PLAN,
NORTHLAND LUTHERAN RETIREMENT
COMMUNITY, INC., and PROFESSIONAL BENEFIT
ADMINISTRATORS, INC.,

               Defendants.

---

## ORDER

---

      This Court denied the Defendants' motion for summary judgment in 2008. Settlement discussions followed, and the parties informed the Court that they had reached a settlement in January. Presently before me is the Plaintiff's motion for attorney's fees in the amount of $43,925.

      ERISA allows (but does not require) attorney's fees to prevailing parties. 29 U.S.C. § 1132(g)(1). The parties have stipulated, as a part of their settlement, that Plaintiff is a prevailing party and is entitled to reasonable attorney's fees for her benefits claim. As a preliminary matter, I must address two of the Defendants' key objections to the Plaintiff's fee request. First, they assert that their litigation position was substantially justified and that they acted throughout this litigation in good faith. Second, they argue that the Northland Lutheran Retirement Community is in financial hardship, having lost substantial amounts of money recently. Since it is the party that will be paying any fee award, such award should (they argue) account for its hardship. Even if true,

however, these arguments speak to the question of *whether* to award fees at all. *Herman v. Central States, Southeast and Southwest Areas Pension Fund,* 423 F.3d 684, 696 (7th Cir. 2005) ("This court has recognized two tests for whether attorneys' fees should be awarded or denied . . .") By virtue of the parties' stipulation, we are past that point.

The Defendants also object that they have stipulated that O'Connell is a prevailing party only with respect to her benefits claim (she also brought a claim for statutory penalties). Thus, in their view the fee award should be reduced substantially. But I am satisfied that the vast majority of Plaintiff's fees in this action were incurred in pursuing the benefits claim, which of course was the genesis of the whole lawsuit. It was also a far more complex claim and would have required the lion's share of counsel's attention. Moreover, as Plaintiff notes, counsel's time cannot readily be divided up into efforts based on specific claims.

The rest of the Defendants' objections involve particular line items in Plaintiff's counsel's bills. The largest objection involves counsel's charge for a summary judgment brief that was never filed. I am satisfied, however, that Plaintiff's counsel is correct that the work product of that brief found its way into his response to the Defendants' summary judgment motion. The relatively small amount of fees generated by that motion bears this out. Similarly, I am not persuaded by the objection to $1,372 for fees incurred prior to filing this action. These were all incurred as a result of Defendants' failure to pay under the Plan, and they simply reflect standard and fairly mundane pre-litigation efforts. Finally, I find reasonable Plaintiff's efforts to collect fees for its motion to compel as well as its post-mediation efforts. I do not see any indication that these fees were unrelated to the benefits claim. Nor is there any indication that counsel was unreasonably running up the tab after the mediation. Surely he is correct that what was an acceptable settlement offer in 2007 became an unacceptable one once the Defendants mounted a vigorous and costly defense.

2

For the reasons given above, I find Plaintiff's fee request reasonable. The motion for attorney's fees is **GRANTED**, and Plaintiff is awarded fees in the amount of $43,925.21, to be paid by the Defendants.

**SO ORDERED** this    19th    day of March, 2009.

                              s/ William C. Griesbach

                              William C. Griesbach
                              United States District Judge